WILLIAM SCULLY, Plaintiff, *v.* THE CITY OF CINCINNATI, Defendant.

Where a ~ity grades and paves a part of a street thirty feet in width along and within its corporation line, and an incorporated village adjoining said city at the same time grades and paves a part of a street thirty feet in width along and outside of said corporation line, but within the jurisdiction of said incorporated village, the two parts forming what is known to the public as one entire street sixty feet in width:

*Held,* that by the act passed February 21, 1866 (S. & S. 803), the city has the power to make such improvement within the corporation line of said city, and to make assessments therefor upon property within the city abutting on said part of a street;

That the fact that the assessment made by the two corporations are different in amount, but are uniform on the property within the jurisdiction of each, does not affect their validity, provided that no abuse of power is shown.

The cases of *Scully* v. *Wayne, Scully* v. *Miller,* and *Scully* v. *Serrian* were before the General Term about a year ago, when demurrers to the petitions were sustained, and the causes sent back to Special Term for further proceedings; amended petitions were filed, and demurrers sustained to them. The causes were consolidated, and the plaintiff then filed a supplemental petition against the city of Cincinnati, who answered. The plaintiff demurred generally to this answer, and this demurrer was reserved to General Term.

The supplemental petition sets out the several ordinances to establish the grade of McMillan street from Vine to Milk street, to grade and pave said street between the points mentioned, and the contract, and avers that the city had no jurisdiction over said McMillan street at the time of the passage of these ordinances and of making the contract, and that these acts were, therefore, void. It appears that the north half of said McMillan street was in the jurisdiction of the incorporated village

of Walnut Hills, Mount Auburn, and Clintonville, the respective corporation lines of the city and the village running along the middle of McMillan street, east and west; and that at the same time the work on the south half of McMillan street was being done under these ordinances, the incorporated village aforesaid was doing the work on the north half of the said street.

The supplemental petition further alleges, that the plaintiff did the work according to his contract, and on the 19th November, 1869, the city council passed an ordinance assessing $8.789½ per front foot on the *south* side of McMillan street to pay for the improvement, which he avers is inconsistent with all the other ordinances passed by the city council above referred to, because they related to the *whole* of McMillan street, and therefore said assessment is void for uncertainty.

The supplemental petition also avers that the city attempted to construct said street in conjunction or partnership with said incorporated village, which the city had no legal authority to do; that the city permitted said incorporated village to assess the owners of property abutting on the north side of said street but $7.7484 per front foot to pay for said improvement; and that the assessment on both sides of the street is not uniform, and is, so far as the city is concerned, contrary to law. He alleges that the city did not render to him a legal assessment, but that having done the work at the request of the city, she is bound for it, and asks judgment.

To this the city answers, admitting the ordinances, but denies that they are inconsistent, and insists that the assessment is legal and valid. She avers that McMillan street, in the city of Cincinnati, is only thirty feet wide; that the north line of said street was, at the time, the boundary line of the city; and that on the north line, immediately adjoining the same, but in said incorporated village, was *another* thirty foot street, which also bore the same name. She denies that she attempted to construct

said street in copartnership with said village; but that each corporation acted with reference to the street called McMillan street, as known to and controlled by it, and that the two streets together form what is known to the public as McMillan street; and she avers that the assessment for which the plaintiff sues is for the work done inside the city, and is upon property over which she has jurisdiction,.and the same is valid and binding.

For a second defense, the city alleges that if said ordinances and contract are void, there is no liability which can be enforced against her.

*I. J. Miller*, for plaintiff.

*Walker & Conner*, for defendant.

HAGANS, J.   If it be true that these ordinances and the contract with plaintiff to do this work are void, the case would be one of assumpsit, on which, if plaintiff could recover at all, he would stand upon a *quantum meruit.* Whether the city would be liable in such a case, we do not consider it necessary to decide.  Can, then, the city pass such ordinances as appear in this case, contract to do the work as has been done, and make a valid assessment?

When these causes were before us at a former term of this court, the question presented on the pleadings was, whether the improvement of McMillan street, as well without as within the city limits, could be done by the city, and the cost thereof assessed upon the property abutting on that side of the street only within the city; and we held that this could not be done.

This cause now presents other and different questions.

This work was done under the act of February 21, 1866 (S. & S. 803), which recites: "That where it shall be deemed necessary by any municipal corporation to improve any street, alley, or public highway, *or any part thereof*, within the limits of such corporation, by grading,

paving, draining or other improvements, and, for the purpose of defraying the expense thereof, to assess and collect a charge or tax on the owner or owners of any lots or lands, or on the lots or lands, *by* or through which such street, alley, or public highway, or the part thereof to be improved, shall pass, * * * * * * the said council may, as soon as practicable, by ordinance, levy and assess a tax to defray all expenses consequent on such improvement, on the owner or owners of lots or lands, or on the lot or land *by* or through which such street, alley, or public highway shall pass, according to the true intent and meaning of this section, either by the foot front of the lots or lands bounding and abutting thereon," etc.

Now, the south half of McMillan street is "*part of a street.*" The law says, "*any part* of a street;" and we see no sufficient reason to hold that this language is intended to embrace only a section of a whole street and is not broad enough to include the very work done in the case at bar. And the corporate authorities have the right to impose assessments upon the property within the limits of the city, subject only to such restrictions as are imposed by the legislature, to prevent an abuse of the exercise of such right. There is no evidence that there has been here any abuse of power in laying this assessment. It is strictly within the charter, as it is levied, *in fact*, but for the work done on part of the street and upon the property "*by which it passes.*" And the assessment is uniform on the property within the corporate limits; and we do not feel authorized to inquire any farther as to what may have been done by any other corporation, with respect to another and totally different matter. There was no property outside the city limits abutting on this street, over which the city had jurisdiction, or upon which an assessment could be made under any circumstances.

But it is said a street is a unity; that it has sidewalks and gutters; and that these ordinances speak of a street, as such. To this it may be replied that the only McMil-

lan street known to the city was a street thirty feet wide; and the fact shown by the pleadings that another corporation had another McMillan street thirty feet wide, immediately adjoining, the two together making a sixty foot street with gutters and sidewalks, it may be presumed, on both sides of it, makes the unity spoken of, and affords a strong ground for upholding these proceedings. Besides, the acts of the parties show clearly what was meant. (*Ridenour* v. *Saffin*, 1 Handy, 476.) So that we are not bound to suppose that the ordinances expressly treat of a matter outside of the jurisdiction, and is, therefore, illegal and void.

Again, it is said that the ordinance to assess is a departure from, or is inconsistent with, the previous ordinances, because they treat of a street, and the ordinance of assessment treats of *one side of it only*, and therefore the assessment ordinance is irregular and void.

To this, it appears sufficient to answer that the assessment covers no more property than was ordered to be improved. In fact, they are identical. No other objection is made to it, and it will be presumed, as the allegations stand, that the city council has acted in the spirit of equality and justice until the proof should show otherwise.

The demurrer to the answer will be overruled.

We have been led to say thus much because it seemed necessary and desirable to determine the liability of the city in this action, as all the facts in the case appear in the pleadings. But the demurrer reaches to the petition, and in looking into it we find it fatally faulty.

The cause will, therefore, be remanded to Special Term for further proceedings, with leave to the plaintiff to file an amended petition against all other defendants.